UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES FITZGERALD,

                Plaintiff,

  -against-                                        1:05-CV-0732
                                                                (LEK/DRH)

KING NEPTUNES PUB, INC., et al.,

                Defendants.

**DECISION AND ORDER**

      This matter comes before the Court following a Report-Recommendation and Order (Dkt. No. 6) filed on December 29, 2005, by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.1 of the Northern District of New York.

      Within ten days, excluding weekends and holidays, after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b), in compliance with L.R. 72.1. After ten days from the service of the Report-Recommendation and Order, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff, which were filed on January 12, 2006. Objections (Dkt. No. 10).

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record.

1

Plaintiff's attorney has explained the problem surrounding his process for admission in this District - information that should have been explained to the Court before Judge Homer issued his Report-Recommendation and Order. In addition, Plaintiff and his counsel should have officially updated the contact information filed with the Court. The Docket Sheet for this case contains a White Plains, New York, address - with a New Jersey telephone number (area code 201). However, Plaintiff's attorney has stated in the Objections that the White Plains address is his *old* address. See Objections (Dkt. No. 10) at 1. And, when the Report-Recommendation and Order was mailed to the White Plains address of Record, the materials were returned as undeliverable. See Dkt. Nos. 7 & 8.

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information. See Northern District Local Rule 10.1(b)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." Northern District Local Rule 41.2(b). "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183, at *3 (W.D.N.Y. Jul. 22, 2004).

The Court will be lenient in this situation, however. First, Judge Homer's Report-Recommendation and Order did contain a directive that it be mailed to both the White Plains, New York, and Upper Saddle River, New Jersey, addresses for Plaintiff and his counsel, even though the Docket Sheet only officially contains the White Plains address. Apparently, the Court has at least been aware of a second address for contacting Plaintiff. Furthermore, Plaintiff's attorney has now filed his papers for permanent admission to practice law in the Northern District of New York, and he did so before the time period for making objections to the Report-Recommendation and Order

2

had closed. See Objections (Dkt. No. 10). Plaintiff's admission papers also contain what this Court believes to be the proper address for contacting Plaintiff's attorney:

> Michael Wiseberg, Esq.
> 345 Route 17 South
> Upper Saddle River, NJ 07458
> Telephone: (201) 236-8687
> Fax: (201) 584-9199

The Clerk is directed to place this information on the Docket Sheet for this case. If this information is incorrect in any way, or if different contact information exists, Plaintiff, through his counsel, is to notify the Court, in writing, within ten (10) days from the date of the filing of this Decision and Order.

Finally, Plaintiff has stated that "both sides have already exchanged their Rule 26 disclosures and [they] await a scheduling conference before" Judge Homer. Id.

Although Judge Homer's analysis is correct, given that Defendant's attorney is already admitted to practice in the Northern District of New York, that Plaintiff's attorney has now applied for permanent admission to practice in the Northern District, and the case is ready to proceed with scheduling, the Court will not adopt Judge Homer's Report-Recommendation.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **NOT ADOPTED;** and it is further

**ORDERED**, that the Clerk of the Court **CORRECT PLAINTIFF'S CONTACT INFORMATION listed on the Docket Sheet, as directed above**. If that information is incorrect in any way, or if different contact information exists, Plaintiff, through his counsel, is to notify the

3

Court, in writing, within **TEN (10) DAYS** from the date of the filing of this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:   January 17, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge